I'll call case number 226055, United States v. Redbird. May it please the Court, my name is Howard Pincus from the Federal Public Defender and Justice Department. I'm here to represent Isaiah Redbird. And you were not trial counsel below, isn't that correct? That's correct. Mr. Redbird offered proof of Mr. Tonkamay's violence to show his own state of mind and his reasonable fear of Mr. Tonkamay. This did not allow the prosecution to offer evidence of Mr. Redbird's violence. The district court erred in allowing that propensity evidence, which is especially harmful in a self-defense case. This court should therefore vacate Mr. Redbird's convictions and remand for a new trial. Counsel, would you kind of swing into the objection that was made at the trial court and reliance particularly upon the statute that the government was saying, we have the right to do this, because I'm a little bit concerned about the objection that was made to the trial court and whether that is the same objection that you're making here today. Well, it is the same objection. First, there's some context that needs to be made, which is just about 30 pages before when Mr. Redbird, when defense counsel, sought to introduce evidence of Mr. Tonkamay's violence, the prosecutor said, that's only admissible if he had knowledge of it, if it goes to his state of mind. And Mr. defense counsel said, that's what I'm offering it for and I will link it up with Mr. Redbird's testimony. And the court said, I'm admitting it on that basis. So when the prosecution then says, we want to introduce evidence of Mr. Redbird's trait of violence, everybody knew that what had been introduced was evidence that went to Mr. Redbird's state of mind, that was not propensity evidence about Mr. Tonkamay. So that's, when he objects, everybody knew what the basis of the earlier admission of proof was. And he says. Well, they knew what the earlier basis was stated, but that doesn't necessarily mean that that's actually how it came in. Perhaps it came in to show more than his state of mind, and to show a propensity for violence. It's up to the defense as to why that evidence comes in. And I'll get to that in a second. But saying it doesn't make it so, does it? I mean, you could say it comes in for that. But if it's actually, if you broaden it and it's coming in for more than that. No, if you say I had knowledge of this, and it goes to my state of mind, you're not arguing that it's propensity evidence to show how he acted on, Mr. Tonkamay acted on that particular occasion. It's up to defense as to whether he wants to open the door to his own trait of violence. And he can make that decision by saying he's introducing it for state of mind, even if it actually is coming in. Well, the court can instruct the jury that it can only be considered for a limited purpose which is offered, which is often the case in Rule 404B cases. And if it's not linked up, the government can also say, judge, you need to strike that evidence. But it's in the defendant's control. And character trait evidence has to be, in a self-defense case, by opinion or reputation. And defense did not make any, did not ask Agent Ware questions about Mr. Tonkamay's trait of violence in that context, in the opinion and reputation. Well, to get to Senate on that, in the continued cross-examination of Ware, didn't the defense ask the following? And because of Tonkamay's reputation for violence, virtually everyone knew the guy was a suspect in his homicide initiative. True? Now, that bothers me that the defense counsel is using the expression reputation for violence. Doesn't that change it from state of mind to propensity of the victim? No, the question was, first of all, assume that fact. So, he never actually elicited that there was a reputation for violence. And also, even if there is a reputation for violence, that can go to his state of mind if he's aware of it. It's not propensity evidence if he's saying, I was aware that he had a reputation for violence and therefore I reasonably feared him. That's not its use for propensity. As I understand it then, your position is, because the initial response to the government's objection was specifically that the purpose of the evidence in the examination of Agent Ware was to undermine purposes and that it would be linked up. And once that was cast, that pervaded all of the cross-examination of Agent Ware until there was a further objection from the prosecutor. Is that your position? Well, yes. That's good enough for me. If the court's saying I'm admitting it on that basis, and that's the prosecution saying that's the only way it can come in, then yes, that's the basis on which it was admitted. And going back to the specific objection that defense counsel made when the prosecution invoked Rule 4482B, he said, we're simply asked about Mr. Takame because our defense is self-defense and we don't think that self-defense opens up a wholesale attack on his character. Prosecution seizes on the fact that it says wholesale attack and this isn't a wholesale attack. This is specific to propensity. But in this case, what mattered is the reputation for violence. That is why the prosecutor was introducing it. That's what defense counsel was saying. That's what his question to which it was objected to was asking about, his Mr. Redbird's reputation for violence or violent trait. And that was what this case – that's what matters in a self-defense case. So to say, well, it's not a wholesale attack. It's just an attack on Ms. Pease. That's the piece that really mattered in a self-defense case. Well, then that's what is concerning me about the objection and how it's made because as I read the briefs and the record, that it was specifically in relation to the 404B. The government saying, you let this in. We get the right to do that. And at that point in time, the judge agreed. So what's missing there for me to understand? Lots missing for me to understand. I know that. But from that standpoint, I'm having – what made the judge change his mind to allow the government to go into that then? Well, the judge may have thought that, you know, this could be used for the – this could potentially bear on this. But what the judge lost sight of is the basis on which he admitted it, the basis on which the prosecution said it had to be admitted. And then it's really the prosecution that's changing its tune. And Mr. Redbird's saying, or his defense counsel is saying, that's the reason I'm introducing it. I'm going to link all this up. This is all going to go to the state of mind. But then he later says it's all going to his claim of self-defense. He doesn't reiterate anything about state of mind. Well, state of mind is – When the evidence is now coming in against him, he says, oh, I introduced it not for state of mind, so I introduced it for self-defense. And that's when the judge overrules his objection. But in self-defense, what matters is the reasonableness of his belief that he faced an imminent threat of harm from the victim. So that's state of mind. But in a violent crime, isn't violence or reputation for violence – propensity evidence is admissible. It can be. Right. And presumably, when you said this is a self-defense, or you or your – I'm sorry, counsel below said this is now about self-defense and not a state of mind, the court – and that's what the prosecution represented. The court overturned the objection. It just said no. It's coming in. But if it gets admitted only on – I don't see how you can proceed. I'm kind of like Judge Baldock. I don't see how you can proceed on your earlier statement about state of mind. He's saying this is the reason I'm getting it in, is to go to my state of mind in self-defense. I'm talking about what he said in response when it comes in against him. When the evidence – the same type of evidence then comes in against him, his counsel said, well, it shouldn't come in because we introduced this for self – because of our claim of self-defense, which the government said, yeah, and it's relevant. Propensity evidence is relevant to a claim of self-defense. Well, if you look at the advisory committee notes to the rule, which the prosecution relied on in the district court, it says that if you admit – if you introduce – if defense introduces evidence for a non-propensity purpose, it doesn't open the door to what the prosecution wanted to use it for. And I'm saying he then later says – counsel later says, I introduced it as pertinent to our claim of self-defense. He didn't say he introduced it for a non-propensity purpose. It might not have been – in the moment, it would have been better to say something more, but it was all – it was introduced for that reason. When he said, I'm going to link it up and it's going to show my state of mind, it was in the context of the reason was his belief. That was the theory on which he was proceeding. He gets to choose whether he's going to open it up to his own violent propensity coming in. And there's nothing in here that shows he did that. And if it becomes broader than that – Oh. Sorry. Go ahead, Judge Murphy. I'm sorry. Counsel, was it or not, in his second objection, when it was – the government was attempting on redirect to get in Redbird's trait for violence, even though the state of mind was not mentioned, the other side of the coin is character evidence of the victim. Was it enough then that even though he didn't say the state of mind of Mr. Redbird, that counsel asserted that the question was improper because we never got into good character, character for peacefulness, or anything else, doesn't that necessarily mean that you were talking not about that, but instead the other way of making this pertinent, and that is state of mind? Mr. Redbird's state of mind, yes. I mean, his actual statement is we didn't get into Mr. Redbird's character for peacefulness. But it is of the same piece, which is he was not introducing this evidence for propensity purposes. He was introducing it to show that he reasonably feared Mr. Takame based on what he knew about Mr. Takame, and that he was going to show by linking it up with his own testimony. He gets to choose whether he's going to open it up to his own propensity. He did not make that choice here. The advisory committee notes on which the prosecution itself – When he initially was talking about this in the response to the government's attempt to get this Redbird propensity in, when he initially said, we never got into good character, he's talking about the character of Redbird or the character of Takame? Well, I think you could read it both ways. He's saying we never got into good character, which would be his, not the good character of Mr. Takame, and character for peacefulness or anything else of Mr. Redbird. So he is talking about it in the context of we didn't go into Mr. Redbird's trait of peacefulness or anything else. But he's saying we were asking about Takame because our defense is self-defense, and he's then later saying that just because we raise his violence that we're aware of, I mean, that's how it needs to be read. We're not opening the door to letting in our evidence, which is incredibly damaging in a self-defense case of a propensity for violence. And just that advisory committee note that I'm trying to get to, the advisory committee specifically notes a self-defense case and says, quote, they cite a D.C. Circuit case that says that they describe as evidence of the alleged victim's violent character when known by the accused was admissible on the issue of whether or not the defendant reasonably feared he was in danger of imminent great bodily harm and that this did not open the door to proof of his own violent propensity. And that's what the prosecution tried to do here. We'd ask the court to vacate Mr. Redbird's convictions and remand for a new trial. Thank you. Thank you, Your Honor, and may it please the court, D.H. Dillbeck on behalf of the United States. At trial, Mr. Redbird offered evidence of his victim's pertinent trait of violence. That evidence concerned both specific acts of violence by the victim, but also, crucially, the victim's reputation for violence. The district court properly allowed the government, in turn, to offer evidence of Mr. Redbird's same trait of violence. Now, the appellant has continued to insist that Mr. Redbird's trial counsel did not offer reputation evidence. And let me begin there, because I think once the court properly recognizes that reputation evidence was, in fact, offered, it will be a lot easier for the court to deal with some of the other major issues presented in this case, especially the proper standard of review. I point the court to three different moments in the defense's cross-examination of Special Agent Ware in which reputation evidence was elicited. The first comes at page 272. Judge Murphy referenced this one. After eliciting a long litany of evidence about specific acts of violence that the victim committed against numerous individuals in the local community, the defense then asked, a whole lot of people in Carnegie didn't care for the victim. Special Agent eventually agrees with that, and then he goes on to say,  The second example I point to came shortly after that. It's on page 277. Special Agent Ware elicits the defense elicited from Special Agent Ware that the victim was reputed to be the suspected murderer of a woman named Cindy in the local community. The third example I point to, perhaps more of a borderline example, but one worth mentioning came at 266 a little earlier. The defense had elicited evidence of the victim's alleged membership in the Indian Brotherhood gang and went on to elicit that this gang was known to be particularly violent, that they were known as stabbers. Now, that arguably is evidence about the reputation of the gang, but I think in the context coming as it did immediately after questions about the victim's membership in the gang, it by proxy is arguably relevant. But wait a minute, counsel. Up to this point, the response of defense counsel to the question, to the objection made initially by the prosecution was that this was state of mind and we would connect it up. And that has not changed, even up to this point where he's talking about the gangs. Isn't that correct? That's what the response to the objection was. Isn't that correct? Here's what changed, I think. There's no other further objection and there's no other, therefore, need to respond by the defense counsel up to this point. Is that correct? Up to which point in particular, Judge Murphy? Well, even to the point where he's cross-examining where about the victim's membership in gangs. The only setting we have is that the defense counsel said this was for state of mind. Isn't that correct? That is correct, but importantly, here's what I think changed. Okay, you can do the but in just a minute. Isn't the, if the representation was fulfilled on the examination of the defendant, that he knew about the victim's membership in the gang, doesn't that relate to the state of mind of the defendant? He knows this is a gang member who's a killer. If that was linked up, then yes, that could go to state of mind. If it was I knew him. That's the only context we have right now. Because the objection was made, the response was this is state of mind. And there's nothing else in a colloquy between counsel or the court up to this point. Correct? Correct. And the next one where there's a requirement for the defense to say something is when on redraft the attempt is made to get in to reimburse the propensities. Isn't that correct? Correct. All right. So if there's a sudden change of direction here, isn't it incumbent upon the prosecution to say, well, what do you mean by self-defense? Are you talking about propensity in the self-defense? Or are you talking about state of mind? And if the prosecution didn't do it, wasn't it up to the court to clarify? Because what the response of the defense counsel is correct, and that is it's part of self-defense. Propensity is part of the victim is part of self-defense. And if propensity is known, then it's state of mind. Your Honor, I Why is that counsel's wrong? Because something important happened in the intervening period between the district court's initial ruling allowing the specific acts evidence to come in for a state of mind purpose and the government's later attempt to offer rebuttal character evidence. What happened in that intervening period is that the defense began unmistakably to elicit not only specific acts evidence, but also this reputation evidence, the two examples I cited. That's a categorically different kind of evidence that rules 404 and 405. Is it categorically different? I agree it's categorically different. But if that bad reputation, if the defendant testifies or the defendant is put on, I knew about his bad reputation. I knew that he had a reputation for being in a gang. I knew that he was charged with the murder or he was suspected of the murder of this person. And even though those are all bad things, I know about that and it affects my state of mind when we're in this confrontation. I don't understand why that's not the proper way to look at this. Your Honor, I think allowing that type of reputation evidence to come in for a state-of-mind purpose would be inappropriate in this kind of context. I would say a couple of things on this. First, I point the Court to its decision last year in United States v. Armajo. I think the Court pretty clearly suggested there that if a defendant claiming self-defense is going to offer evidence of a victim's trait of violence, that evidence needs to be limited to specific acts of violence that the victim knew. And I'm not aware of any decision, certainly not by any federal appellate court, that has held that reputation evidence, even if it's I knew about the defendant saying I knew about his reputation evidence, that that kind of reputation evidence can go to a state-of-mind purpose in a self-defense case. The appellate certainly hasn't pointed this Court to any decision that's held that. And I think that's relevant should the Court – No, I'm certainly not saying that. The Court didn't say that. No, no, the direct holding is that when a defendant is going to offer evidence of a victim's trait of violence, the holding suggests that it should be limited to specific acts known to the defendant. It does not, just to be clear, Judge Murphy, I'm not suggesting that it categorically states that reputation evidence cannot go to a state of mind. Well, let me ask you this. Do you have any authority, any precedent or authority that says that if reputation, bad reputation or reputation for violence is connected up by the defendant's knowledge of that, that that is impertinent to state of mind? Do you have any authority? This Court, to the best of my knowledge, certainly has never said that unequivocally. But, Your Honor, I think it's worth wondering. Okay, okay, the second part. Do you have any authority of any other circuit failing that in a state supreme court? No, I would simply point this Court to a long line of decisions in this circuit and other circuits, again, like Armajo, suggesting that the appropriate evidence that should be offered to show state of mind is specific acts known to the defendant. But, Judge Murphy, the other, I suppose, broader point on a question of review that I would make on this, that if this Court is to review for abuse of discretion and ask itself whether the district court's decision was beyond the bounds of permissible choice, then I think the appellant's failure to be able to point to any decision suggesting, yes, reputation can go to a state of mind purpose, is a more relevant consideration than the absence of any definitive case law by this circuit or any other circuit that has said the contrary. The paucity of case law on this issue I think only underscores the fact that there was no abuse of discretion given the context for the district court's decision. Well, the same question that I ask opposing counsel, your opposing counsel, what happened when you were talking to Judge Murphy? And that's what brought up my question, because the trial court initially, in my opinion, when he understood, was going to allow it to come in that way. Something happened in looking at what's going on here that made the trial court change his mind and agree with you. Now, I think you were getting ready to say, well, these are the things, so you need to identify specifically for me what you're saying convinced the trial court to change his mind, whether it was state of mind or whether it's reputation. That's my problem. I think what happened, what changed the court's mind is that in that ---- I don't want you to think. I want you to show me in the record what ---- Two things happened. Page 272 and 277, the defense unmistakably elicited reputation evidence in a way that it ---- And what is it? The two examples that I mentioned before about a whole lot of people in Carnegie didn't like him, and because of his reputation for violence, everyone was a suspect, and about the ---- refuted to be the murderer of a woman named Cindy in the local community. Up to that point of the court's initial ruling, that kind of unequivocal reputation evidence had not been elicited. And I think that's what changed his mind, to get to your question, that having elicited that kind of reputation evidence, which again under 404 and 405 is inextricably linked to proven character, the district court allowed the government to elicit the same kind of ---- Is that when you introduced your argument in regards to the 404B? Is it at that point? Because it becomes critical at that point. The 404B argument, if I am understanding your question correctly, came as the government attempted to offer the reputation evidence on redirect after the defense had completely finished its cross-exam. And I think this is ---- Is that, are you saying that's when the court would have changed its mind without saying so, essentially? Well, yes, in that the court allowed the ---- There had been no objection, as Judge Murphy points out, by the state to the No, and the government wouldn't need to object. And there might have been a ---- It would not need to object? It would not need to object, because the defense was certainly free to offer this kind of reputation evidence. And in fact, there might have been a sound strategic reason for the government not to object, because it opened the door for comparable rebuttal reputation evidence. And I think this line of inquiry is incredibly important and relevant to the standard of review question. And it points out why I think this court should review for plain error. The appellant has previously noted that, you know, the defense said our defense is self-defense, and the district court must have known that he was talking about that all this evidence was coming in for a state-of-mind purpose. But again, as I said before, I think the situation has changed because we have this unmistakable reputation character evidence. And what the defense never argued was that this kind of reputation evidence could also go to a state-of-mind in the way that specific acts evidence can. The defense never made that argument. The district court never had the chance to rule on that argument. But it's an argument that's now fairly central to Mr. Redbird's appeal. And for that reason, I think the court should review for plain error, which the appellant has not argued, which should mark the end of the road. Well, let me ask you this. Go ahead, Murph. Murph? Just a little bit. So what you are saying is that we write a decision saying that once an objection is responded to and accepted by the trial court, that this is all state-of-mind stuff, that if it gravitates during the examination into something that might be reputation but still may stay in mind, that it's not the obligation for the prosecution to make the same objection that it did earlier to which the defendant said, state-of-mind, it's not required here of the prosecution to alert the court that things have changed. And now they're going into things that are not state-of-mind. Is that the rule we write? Yes, Your Honor. I mean, if I'm answering yes or no, the government was under no obligation when the defense elicited reputation evidence to object at that moment. So it was under no obligation to object in the very first place, correct? Well, the first objection, if I can answer that question also, the first objection was proper, I think, in the discreet way that it was made in that the government noted that the defense had offered no indication that Mr. Redbird actually knew of these specific acts. That was an appropriate objection to make in that moment, the lack of any predicate showing of knowledge. And the defense responded to that, and the court ruled in the way that it did. So I'd ask the court simply to affirm the judgment in the sentence below. Thank you. Thank you, counsel. You can have a little rebuttal now. And we'll give you another minute, too, because we went over here. Thank you. Well, first of all, since I have that extra minute, the government talks about supposed character or reputation evidence that came in before the prosecution objected. And if that's the case, the defense says, I'm using this for state of mind. So even if it's reputation evidence, he's using it for state of mind. Second, I think where the court got misled is the same place that the government gets misled, which is that reputation evidence can't go to state of mind, and it can. And the best proof of that is the advisory committee note itself. And I read part of that before, but right before the Burks case that the advisory committee note cite, it says, quote, the amendment does not permit proof of the accused character if the accused merely uses character evidence for a purpose other than to prove the alleged victim's propensity to act in a certain way. They then cite that Burks case, which talks about it being used for state of mind in a self-defense case. So the advisory committee note itself recognizes that reputation or character evidence can be used in that purpose and in that way. And in fact, Rule 404A, which is what the government is relying on, is directed to character evidence. So it's certainly true that if known to the defendant, the victim's propensity for violence or violent trait can be used to go to his state of mind in a self-defense case. That's what the defense said he was using it for. That was the basis for the omission of proof, and that's how the later objection has to be interpreted. Thank you. Thank you. Thank you to both counsel. Your arguments have been very helpful. The case will be submitted, and counsel are excused.